UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AESTHETICA LLC,

                   Plaintiffs,

     v.

LUNCHBOXWAX HOLDINGS, LLC *et al.*,

                   Defendants.

Case No. 2:17-cv-01045-JCM-GWF

**ORDER**

This matter is before the Court on the Defendants' Motion to Seal (ECF No. 68), filed on July 19, 2019.

Defendants request leave to file under seal the unredacted declaration of Christo Demetriades and exhibits B &E to the Demetriades Declaration, the unredacted declaration of Jonathan W. Fountain and exhibits F & G to the Jonathan W. Fountain declaration. Defendants represent that such filings contain confidential terms of the parties' settlement agreement and request sealing under the good cause standard.

The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. The reason for the difference between the two standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 678 (9th Cir. 2010).

*Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*, citing, *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 1995). To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted). To the extent confidential information can be redacted with minimal effort while allowing meaningful information to remain available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH,* 2015 WL 5116842, at *2 (D. Nev. Aug. 31, 2015) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)).

The Ninth Circuit recognized in *Foltz v. State Farm Mut. Auto Ins. Co.* that "[t]here are good reasons to distinguish between dispositive and nondispositive motions," as while discovery-related motions are often unrelated to the merits of a case, "[t]he same cannot be said for materials attached to a summary judgment motion because 'summary judgment adjudicates substantive rights and serves as a substitute for trial.' " 331 F.3d at 1135–36. *See also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). "When using the words 'dispositive' and 'nondispositive,' we do not believe our court intended for these descriptions to morph into mechanical classifications. Rather, these descriptive terms are indicative of when a certain test should apply." *Ctr. for Auto Safety*, 809 F.3d at 1098. The focus is on whether the motion at issue is more than tangentially related to the underlying cause of action. *Id.*

Here, Defendants represent that their motion to enforce settlement contains confidential information related to their settlement with Plaintiff. Defendants further argue that the good cause standard should be applied because the underlying motion is non dispositive. The Court disagrees.

Defendants motion is more than tangentially related to the merits of their claims because the approval of the parties' settlement agreement will be dispositive of the entire action. Thus, the Defendants have not provided compelling reasons to seal the declarations related to their motion to enforce settlement and the court therefore denies their motion to seal, without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Seal (ECF No. 68) is **denied**, without prejudice.

**IT IS FURTHER ORDERED** that the subject documents shall remain sealed. Defendants may file a renewed motion to seal no later than **August 12, 2019**.

Dated this 26th day of July, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE